# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

**Appeal No. 26-1376**

**AFRICAN COMMUNITIES TOGETHER; SAMUEL DOE; STEPHEN DOE; and ABAL DOE, on behalf of themselves and all others similarly situated,**

**Plaintiffs-Appellees**

**v.**

**MARKWAYNE MULLIN, in his official capacity as Secretary of the Department of Homeland Security; UNITED STATES DEPTARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES; UNITED STATES,**

**Defendants-Appellants**

**MOTION TO LIFT ABEYANCE AND FOR STAY PENDING APPEAL, IMMEDIATE ADMINISTRATIVE STAY, AND SUMMARY REVERSAL**

**INTRODUCTION**

This litigation concerns the Secretary of Homeland Security's decision to terminate the Temporary Protected Status (TPS) designation for Ethiopia. The district court granted Plaintiffs' motion for preliminary relief postponing that termination, under 5 U.S.C. § 705, upon concluding that Plaintiffs were likely to succeed on two of their non-constitutional challenges to the termination. The government appealed, but the parties agreed to hold the appeal in abeyance when the Supreme Court granted certiorari before judgment in two cases involving closely related issues.

The Supreme Court has now resolved both of those cases in the government's favor. The Court clearly and conclusively held that a provision of the TPS statute—8 U.S.C. § 1254a(b)(5)(A)—bars judicial review of "all non-constitutional claims" challenging the termination of a TPS designation. *Mullin v. Doe*, No. 25–1083, 2026 WL 1825840 at *10 (U.S. June 25, 2026).

In light of that decision, there is no reason to keep this appeal in abeyance. The Court should lift the abeyance, stay the district court's postponement order pending appeal, and issue an administrative stay of the postponement order while considering this motion. The government will prevail on appeal: The district court's ruling was based solely on two of Plaintiffs' non-constitutional claims, and

the Supreme Court's decision forecloses any prospect of success in defending that order. Indeed, summary disposition would be appropriate, as the Ninth Circuit just concluded in summarily vacating a district court's final judgment granting relief on non-constitutional claims challenging the termination of TPS designations for Nepal, Honduras, and Nicaragua. Order, *National TPS Alliance, et al. v. Mullin, et al.*, No. 26-199 (9th Cir. July 14, 2026). The non-merits stay factors likewise favor the government, as the Supreme Court has twice concluded in staying other TPS terminations. Thus, to promote the efficient litigation of this appeal, adhere to the Supreme Court's recent decision, and for the reasons further explained below, Defendants-Appellants respectfully request that the Court lift the abeyance forthwith, stay the district court's postponement order pending appeal, and issue an immediate administrative stay while considering this motion.

Specifically, and given the circumstances described below, the government requests an immediate administrative stay of the order below or, absent that, a decision on this motion by **July 28, 2026**, to facilitate further review if necessary and authorized.

## BACKGROUND

On April 8, 2026, the district court issued an order pursuant to 5 U.S.C. § 705 postponing the Secretary of Homeland Security's termination of Ethiopia's TPS

designation. D. 56. The district court did so based on its conclusion that Plaintiffs were likely to succeed on the merits of two of their claims under the Administrative Procedure Act (APA) alleging that the termination was arbitrary and capricious and contrary to law. *Id.* at 14-25. As a necessary predicate for that conclusion, the district court concluded that the TPS statute's judicial review bar, 8 U.S.C. § 1254a(b)(5)(A), did not preclude its review of certain aspects of Plaintiffs' APA claims. *Id.* at 8-14. Specifically, the district court concluded that § 1254a(b)(5)(A) "does not preclude the Court from evaluating, at minimum, whether the Secretary followed proper process in reaching her determination." *Id.* at 9.

On April 9, 2026, Defendants-Appellants filed a notice of appeal of the district court's postponement order in this Court. D. 57.

On April 30, 2026, the parties jointly moved to hold this appeal in abeyance "pending the Supreme Court's forthcoming decisions in two cases challenging the terminations of [TPS] for Syria and Haiti." Joint Mot. to Hold Appeal in Abeyance at 1; *see Mullin v. Doe*, No. 25–1083, and *Trump v. Miot*, No. 25–1084. The parties explained that those cases "involve the same statutory scheme" and that the Supreme Court's decision could therefore "narrow the issues in [this] case and assist in the determination of the question of law involved." Joint Mot. to Hold Appeal in

Abeyance at 3 (citation omitted). Accordingly, on May 8, 2026, the Court issued an order providing that "this proceeding is stayed pending further order," and directing the parties to file a joint status report "within seven days after the deadline for any petition for rehearing has expired in relation to the Supreme Court's decision in the 'TPS cases.'" May 8, 2026 Order at 1.

On June 25, 2026, the Supreme Court issued its decision in those consolidated cases. *Mullin v. Doe*, No. 25–1083, 2026 WL 1825840 (U.S. June 25, 2026). As directly relevant for present purposes, the Supreme Court held, among other things, that "the TPS statute's judicial-review bar," 8 U.S.C. § 1254a(b)(5)(A), "applies to all non-constitutional claims." *Id.* at *10. The Supreme Court specifically rejected the argument "that § 1254a(b)(5)(A) applies only to substantive claims, not those based on alleged procedural errors." *Id.* at *8. It similarly rejected the argument that § 1254a(b)(5)(A) applies to "only the Secretary's ultimate 'determination'—not any subsidiary decision, such as whether to consult other agencies." *Id.* at *10.

On June 29, 2026, Defendants filed a motion asking the district court to issue an indicative ruling stating that it would dissolve the postponement order if this Court were to remand for that purpose, and to stay its postponement order pending this appeal. D. 67. Defendants requested that the district court stay the postponement order by July 13, 2026, after which they would seek relief from this

Court.  *Id.* at 4.  The district court has not acted upon the government's motion to date, thereby necessitating the instant motion.

## ARGUMENT

### I.     The Court Should Lift the Abeyance.

The Court should lift the abeyance forthwith.  The Court's abeyance order stayed these proceedings "pending further order."  May 8, 2026 Order at 1.  "In no event does such an order bar a party from" seeking to lift an abeyance "upon an appropriate application."  *Lehman v. Revolution Portfolio LLC*, 166 F.3d 389, 392 (1st Cir. 1999) (citation omitted).[1]  Similarly, just as the Court has "inherent" authority to stay its own proceedings, *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), it likewise "retains the authority" to lift the stay "if the circumstances that sparked the [stay] abate."  *Lehman*, 166 F.3d at 392.  Here, the circumstances that warranted the abeyance—i.e., waiting for guidance from the Supreme Court—have abated now that the Supreme Court has issued a clear and conclusive decision in

---

[1]  Although *Lehman* addressed an order administratively closing a case, "administratively closing a case 'is the functional equivalent of a stay.'"  *Psara Energy, Ltd. v. Advantage Arrow Shipping, LLC*, 946 F.3d 803, 807 (5th Cir. 2020) (citation omitted).

*Doe* and *Miot*. Because there is no persuasive reason to wait any longer, the Court should lift the abeyance.

**II.     The Court Should Enter a Stay Pending Appeal and Summarily Reverse.**

Upon lifting the abeyance, the Court should enter a stay pending appeal and summarily reverse the district court.

**a. A stay pending appeal and summary reversal are warranted because the Supreme Court's decision straightforwardly controls the merits of this appeal.**

A stay is warranted when (1) "the stay applicant has made a strong showing that he is likely to succeed on the merits," (2) "the applicant will be irreparably injured absent a stay," and (3) the public interest and balance of the equities support a stay. *Nken v. Holder*, 556 U.S. 418, 426 (2009). Under the Court's local rules, summary reversal is warranted "[i]n case[s] of obvious error." 1st Cir. R. 27.0(c).

Application of those standards is straightforward here. The TPS statute provides that no court can review "any determination" "with respect to" the termination of a TPS designation. 8 U.S.C. § 1254a(b)(5)(A). The Supreme Court has interpreted that language to foreclose judicial review of "all non-constitutional claims," including those challenging subsidiary determinations. *Doe*, 2026 WL 1825840 at *10. That conclusion is completely dispositive of this appeal: The district court's postponement order rested solely on its conclusion that Plaintiffs

were likely to succeed on two of their APA claims alleging that the termination of Ethiopia's TPS designation was arbitrary and capricious and contrary to law. To reach that result, the district court concluded that the TPS statute's judicial-review bar did not apply to these two claims. D. 56 at 8-14. Because the Supreme Court has now categorically held that "the TPS statute's judicial-review bar applies to all non-constitutional claims," *Doe*, 2026 WL 1825840 at *10, and specifically rejected the district court's precise reasoning to narrow the judicial-review bar, the district court's reasoning cannot possibly survive this appeal. *Compare id.* at *7–10, *with* D. 56 at 8-14. Defendants-Appellants are therefore certain to succeed on appeal.

Indeed, that is so obviously the case after *Doe* that this Court should alternatively summarily reverse the district court's order if it does not grant a stay pending appeal. A summary reversal is particularly warranted in light of the fact that the district court did not take any action upon the government's motion for more than two weeks even though *Doe* leaves no conceivable doubt that the motion should have been granted.

### b. The non-merits considerations governing stay motions also favor the government.

Because the Supreme Court's ruling makes clear that the district court's postponement order improperly restrains the government from enforcing the TPS statute, it necessarily demonstrates that the government—and thus the public—

would suffer irreparable harm absent a stay. *See Trump v. CASA, Inc.*, 606 U.S. 831, 859 (2025). Each day the district court's incorrect decision remains in effect irreversibly blocks the Executive Branch by preventing it from implementing its lawful decision. Moreover, the Supreme Court has already concluded, twice, that the government has suffered irreparable harm from erroneous stays of TPS terminations. *Noem v. Nat'l TPS Alliance*, 145 S. Ct. 2728 (2025); *Noem v. Nat'l TPS Alliance*, 146 S. Ct. 23, 24 (2025).

The harm to the government and the public interest is particularly acute and concrete here because the then-serving Secretary of Homeland Security determined Ethiopia's TPS designation "is contrary to the national interest" for several reasons. *Termination of the Designation of Ethiopia for Temporary Protected Status*, 90 Fed. Reg. 58,028 (Dec. 15, 2025). The Secretary found that enforcement of immigration laws is "critically important to the national security and public safety of the United States" and that, according to the Fiscal Year 2025 Department of Homeland Security Entry/Exit Overstay Report, Ethiopia had a B-1/B-2 visa overstay rate of 8.27% and an F, M, and J visa overstay rate of 13.95%--over 250% higher and 330% higher, respectively, than the average visa overstay rates of all countries. *Id.* at 58,031. The Secretary found that these overstay rates pose a direct challenge to the national interest by eroding immigration laws. *Id.*

There is no public interest in further perpetuating the district court's error, nor is there an equitable reason to do so. The district court has now erroneously impeded the Executive Branch for more than five months by exercising judicial review that Congress unambiguously foreclosed. The Court should enter a stay, and an immediate administrative stay, to prevent that error from persisting any longer. And it should resolve this appeal by summarily reversing the district court.

## CONCLUSION

The Court should promptly stay the district court's order postponing the effective date of the termination of Ethiopia's TPS designation, immediately enter an administrative stay while considering this motion, and summarily reverse.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

LEAH B. FOLEY
United States Attorney

DREW C. ENSIGN
Deputy Assistant Attorney General

SARAH WELCH
Senior Counsel to the Assistant
Attorney General

By: */s/ Nicole M. O'Connor*
NICOLE M. O'CONNOR
Assistant U.S. Attorney

9

<u>**Certificate of Service**</u>

I, Nicole M. O'Connor, AUSA, hereby certify that on July 15, 2026, I electronically served a copy of the foregoing document on the following registered participants of the CM/ECF system:

Erik Matthew Crew
Haitian Bridge Alliance
Suite H
4560 Alvarado Canyon Rd
San Diego, CA 92120
949-603-7411

Michael E. Cunniff
Covington & Burling LLP
30 Hudson Yards
New York, NY 10001-2170
212-841-1000

Golnaz Fakhimi
Muslim Advocates
PO Box 34440
1032 15th St NW, #362
Washington, DC 20043
202-655-2969

Mishi Jain
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956
202-662-5669

Paul Killebrew
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956

202-662-5930

Abbey Rose Koenning Rutherford
Muslim Advocates
PO Box 34440
1032 15th St NW, #362
Washington, DC 20043
202-897-2622

Sarah Leadem
Covington & Burling LLP
Salesforce Tower, 415 Mission Street
Ste 5400
San Francisco, CA 94105-2533
415-591-6021

Ayana Lindsey
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956
202-662-5776

Mark H Lynch
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956
202-662-5544

Kristin M. Oakley
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956
202-662-5464

Stephen Petkis

Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956
202-662-5801

Collin Poirot
Muslim Advocates
1032 15th St NW, #362
Washington, DC 20005
202-897-2564

Matthew C. Quallen
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956
202-662-5813

Daniel G. Randolph
Covington & Burling LLP
One CityCenter
850 10th St NW
Washington, DC 20001-4956
202-662-5733

*/s/ Nicole M. O'Connor*
NICOLE M. O'CONNOR
Assistant U.S. Attorney